### COUNTY OF PROVIDENCE, MARCH TERM, 1867, AT PROVIDENCE.

PRESENT:

HON. CHARLES S. BRADLEY, CHIEF JUSTICE.
HON. GEORGE A. BRAYTON, } JUSTICES.
HON. THOMAS DURFEE,

JEREMIAH S. REMINGTON *v.* HOWARD EXPRESS COMPANY.

In a suit against a partnership, under the statutes and practice in this State, valid service of the writ against absent partners cannot be made by the attachment of personal property of a partnership, while one or more of the partners are present, nor can the property be held by such attachment.

THIS was an action of the case, in which service of the writ was made by the arrest of one of the copartners defendant, and, as to the absent defendants, by an attachment of certain personal property.

A plea in abatement was filed in the following terms:—

And for a further plea in this behalf, by leave, &c., the said defendants come and defend, &c., when, &c., and pray judgment

of said writ, and that it abate, because they say that said writ is against the firm or copartnership of the Howard Express Company, so called, a firm or copartnership composed of James C. Engley, George E. Noyes and John P. Barrett, and that said writ in said action is served as against the said Barrett and Noyes, by the attachment of certain personal property belonging to said firm, mentioned in the officer's return on the back of said writ, and not otherwise. And the defendants aver that, at the time of said pretended service of said writ as aforesaid, the said James C. Engley, copartner as aforesaid, was open and at large in the said county of Providence, in said State, and might have been arrested with due diligence on said writ, and said writ was served as against the said Engley, by arrest, and this they are ready to verify. Wherefore, because said writ is served as to the said Barrett and Noyes, by the attachment of property of said firm as aforesaid, when one of said defendants was open and at large in said county and State, the said defendants pray judgment and that said writ abate, and for a return of said property.

To this plea the plaintiff demurred.

The cause was argued by *Ashley & Colwell*, for the plaintiff, upon their printed brief, as follows :—

The question presented by the pleadings is the validity of the service by attachment, on the plaintiff's writ, of the interest of two of the defendant copartners (Barrett and Noyes) in certain property of the firm, the other third defendant being, at the time, in the officer's precinct.

I. Our statute directs attachment of a defendant's property, within his precinct, if his body cannot be found, and says that such attachment shall be sufficient to bring the cause to trial. Rev. Stats. ch. 181, §§ 4 and 5, p. 438.

II. Any property that can be taken upon execution can be attached on writ, in the absence of the defendant from the State. *Peirce* v. *Jackson*, 6 Mass. 243, 244.

III. Partnership property may be attached upon an execution against the partnership. Story on Part. §§ 260–357. Such property, therefore, may be attached upon a suit against the partnership, for want of the bodies of the defendants, and it fol-

lows that the interest of any partner, in the partnership property, may, in like manner, be attached, when such partner is out of the officer's precinct. *Price* v. *Hunt*, 11 Ired. 42; *Bardwell* v. *Perry*, 19 Vt. 302.

IV. The partnership debt is the joint and several debt of the partners, to the extent of making each partner liable for the whole debt. *Bardwell* v. *Perry*, 19 Vt. 303; *Washburn* v. *Bank of Bellows Falls*, 19 Ib. 287.

V. If this suit were against a partner for his individual debt, his interest in the partnership property could be attached. Collyer on Part. § 822, note and cases cited; *Peirce* v. *Jackson*, 6 Mass. 243; Story on Part. §§ 261–263. Certainly the liability to attachment of the interest of a partner, upon a suit against the partnership, is not less than it would be upon a suit against a single partner.

VI. This is not a question of the amount or extent of the right or property which is acquired by the attachment; it is only a question of valid service,—if the attachment covers anything the service is good.

Authorities submitted to court, at their suggestion, upon the question of the right of the sheriff to seize partnership property: *Douglas* v. *Winslow*, 20 Me. 92; *Allen et al.* v. *Wells et al.* 22 Pick. 450; *Reed* v. *Howard*, 2 Mass. 38, 39; *Melville* v. *Brown*, 15 Ib. 82; *Hayden* v. *Binney*, 7 Gray, 416; *Johnson* v. *Evans*, 7 M. & G. 240.

The defendants' brief was submitted and argued by *Hayes & Matteson and W. H. Potter*, upon the following points:—

By the statutes of Rhode Island, the real or personal estate of a defendant cannot be attached on original writ if the defendant is within the State or county as the case may be. Rev. Stats. ch. 178, ch. 181, §§ 1 to 6.

I. The debt here is a joint debt—one debt owed jointly by the three defendants—as the writ alleges. So long as either of the defendants is here, it cannot be said that the (joint) defendants are absent. The copartnership is not absent. The partner here represents the whole copartnership.

II. The debt being a joint debt—an entirety—to allow one

service to be made by arresting one partner, and another service to be made by attaching the copartnership for want of the bodies of the other copartners, is to allow a double service as to the partner who is present. He has been arrested, and in addition to and after that, his property is attached. He having been arrested, the writ is exhausted as to him, and no attachment of his property can be made on it. When the writ is served by attaching *copartnership* property, *his* property is attached, and as the writ is exhausted, the attachment is void. Both by statute and common law a double service is unlawful. The statutes (see above) prescribe how the service shall be made. So, upon authority, see leading case, *United States* v. *Stanbury*, 1 Pet. 573.

III. In order to attach, the writ must (save in certain excepted cases—and this is not one of them) be a writ of arrest, and that orders the finding of the persons of the debtors, and if to be found, the officer cannot attach. If the (joint) debtor is made up of three individuals, it cannot be said to be absent while any portion of it is present, and so present as to be personally arrested.

IV. The property attached is the joint property of the defendants, and as such is held by each partner *per my et per tout*.

V. The writ discloses no attachment of property whatever. Personal property can be attached only by being taken into possession, as by trustee process.

The opinion of the Court was given by BRADLEY, C. J.

The demurrer in this case raises the question, whether, under our statutes, in a suit against a partnership, the interest of the absent partners, in the partnership property, can be attached on original writ. The provisions of the statute are :—" Whenever a writ of arrest, or other writ authorizing an arrest, shall be delivered to an officer for service, he shall use his best endeavors to arrest the body of the defendant ; but if such officer cannot find the body of the defendant within his precinct, he shall attach his goods and chattels to the value commanded in the writ, if so much can be found, and may attach any less value, if the plaintiff or his attorney shall give order therefor on the back of such writ ; and when any attachment is made in manner afore-

said, the same shall be sufficient to bring the cause to trial, and the officer, who shall make any attachment as aforesaid, shall immediately after leave an attested copy of such writ, with a copy of his doings thereon, at the defendant's usual place of abode, with some person there, that the defendant may have knowledge of the suit." The analogy chiefly relied upon by the plaintiff is derived from those cases which hold that the interest of an absent partner, in a partnership property, may be levied upon in an execution against that partner for his separate debt. The cases upon this subject, as to the effect and mode of such service, are so conflicting, that the text writer upon this subject has chosen to leave that conflict with a mere statement of its existence, without any attempt even to exhibit the authorities. Drake on Attachments, § 248. But we are not called upon now for a determination upon this question. It is sufficient for us to observe, first, that the analogy relied upon by the plaintiff fails, when applied to the case at bar, in several essential particulars. In a proceeding against an absent partner, for his separate debt, there is no defendant present who can, in any manner, respond to the proceeding against him. In a suit against a partnership for a partnership debt, some of the partners being present, there is some one to respond, both in and out of the Court, to a claim against the partnership, with full power over the whole partnership effects for that purpose. In the process against an absent partner, for his separate debt, only that interest which he may have in the partnership property, after the partnership debts are paid, is taken. If that analogy is strictly pursued in this case, it becomes a nullity in making provision for the payment of the debt, because nothing is obtained thereby until after all the partnership debts, this included, are paid.

We have not been referred to any case in which the claim made by the plaintiff has been sustained. Our statutes upon this subject have always been expressive of the same policy, and in nearly the same terms as that which now exists. It is not known to this Court that any case, founded upon the plaintiff's view of the law, has ever been entered in our Courts. Such long-continued construction of our statute law, upon a question

of such frequent occurrence and of such great practical importance, is entitled to be deemed a correct exposition of the law. So far as this question has been presented before the Courts of other States, it has been decided in the same way. In the case cited from Vermont, the opinion given by Redfield, C. J., proceeds upon reasoning which we understand to have been the ground for the construction put upon our statute by the profession, and that is the power and the rights of a present partner over partnership property for partnership purposes. We must, therefore, consider the service, as to the absent partners, invalid. They are, by statute, still liable after judgment shall have been rendered against the partner who has been served with process, and it is to be presumed that the partnership property will be held to respond to the judgment in this case, by the partner in whose possession it is found.